972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Letrell HAMPTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-6468.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Letrell Hampton, a pro se Kentucky resident, appeals a district court order affirming the Secretary's denial of social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have waived oral argument.
 
 
 2
 Hampton filed an application for social security disability benefits with the Secretary, alleging that he suffered from black lung disease. Following a hearing, the administrative law judge (ALJ) determined that Hampton was not disabled because he had the residual functional capacity to perform a significant number of jobs in the national economy. The Appeals Council affirmed the ALJ's determination.
 
 
 3
 Hampton then filed a complaint seeking judicial review of the Secretary's decision. The district court issued judgment for the Secretary. Hampton then filed a timely appeal. He requests pauper status, appointed counsel, and a free transcript.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Hampton's allegation of disabling pain is not supported by the record. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). Furthermore, the testimony of the vocational expert constitutes substantial evidence that Hampton can perform a significant number of jobs in the national economy. See Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987); Bradford v. Secretary of Dep't of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986) (per curiam). Finally, Hampton is not entitled to social security disability benefits just because he is receiving worker's compensation. 20 C.F.R. § 404.1504; see Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir.1990).
 
 
 5
 Accordingly, we grant pauper status, deny all other forms of relief, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.