Albert T. BRADFORD,
Plaintiff-Appellant,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Defendant-Appellee.

No. 85–5624.

United States Court of Appeals,
Sixth Circuit.

Submitted June 5, 1986.

Decided July 30, 1986.

Dorothy B. Stulberg, Mostoller and Stulberg, Oak Ridge, Tenn., for plaintiff-appellant.

John W. Gill, U.S. Atty., Knoxville, Tenn., Jimmie Baxter, for defendant-appellee.

Before MARTIN, KRUPANSKY and GUY, Circuit Judges.

PER CURIAM.

Plaintiff Bradford appeals from a denial of Social Security Disability Insurance benefits. On appeal, plaintiff claims error in that: (1) plaintiff's impairment met or equalled a listed impairment in Appendix 1 and therefore he should have been declared disabled, 20 C.F.R. § 404.1520(d); (2) under the grids plaintiff should have been declared disabled based upon his age, education, and lack of transferable skills; and (3) the administrative law judge (ALJ) put an improper hypothetical before the vocational expert. Finding no merit to any of these contentions and finding substantial evidence to support the findings of the ALJ, we affirm.

### I.

At the time of the hearing before the ALJ, plaintiff was 55 years old and had last worked on March 21, 1981, and had not engaged in substantial gainful activity since that date. Prior to March 21, 1981, plaintiff had worked for 30 years, most recently as a machinist.

■ The medical evidence established that plaintiff has severe peripheral neurological findings consistent with childhood polio, complaints of chronic low back pain, history of a plantar neuroma of the right foot, history of a back injury, and a moderate hearing loss correctable by surgery or a hearing aid. The ALJ concluded that although plaintiff could not do his past relevant work, he did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. Thus, a finding of disabled was not mandated on the basis of the nature of the severe impairments alone. Plaintiff challenges this finding claiming that he met the listings set forth in 20 C.F.R. § 404, Appendix 1—Listing of Impairments 1.05 which provides:

C. Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss. In order for the plaintiff to have met the above listings, the ALJ would have had to credit all of plaintiff's subjective testimony and further credit only such medical testimony as is supportive of plaintiff's contentions. This the ALJ is not required to do. Within the record was substantial evidence indicating plaintiff did not meet the listings. For example, plaintiff's treating physician, Dr. John Purvis, had x-ray examinations made of plaintiff's spine which disclosed no significant abnormality. Radiologist Dr. James G. Place evaluated x-rays of plaintiff's lumbar spine and his impression was "degenerative changes of the lumbar spine which are minimal. No other abnormality is seen." Dr. K.O. Rutherford did a bone scan and reported only "slight area of increased activity in the lumbar spine at L# 3, probably secondary to degenerative disease." Dr. Rutherford performed an amipaque myelogram study following a lumbar tap at the L# 3 interspace which showed no extra dural abnormality. Dr. Rutherford's impression was negative lumbar myelogram.

Plaintiff's treating physician, Dr. Purvis, also referred plaintiff to a neurosurgeon, Dr. Fred Brown, for evaluation. Dr. Brown reported that plaintiff's "cervical spine movement is normal. The tendon reflexes are normal. It is my opinion his lumbar curve is normal. I don't feel any palpable muscle spasm." Dr. Brown concluded that, "I would not give him any disability on injury or his back because I am not able to demonstrate any pathology on examination today."

Dr. John M. Burkhart examined plaintiff on January 6, 1984, and found "no tenderness or muscle spasm over the lumbar spine, no scar formation and the normal lumbar lordotic curve was present. The patient was unable to flex his spine completely in order to touch his toes, but extension and rotation of the lumbosacral spine were normal." Dr. Burkhart concluded with reference to plaintiff's spine that "basically the spine appears within normal limits for age."

The only evidence really supporting plaintiff's contentions relative to the listings is from a chiropractor, A.R. Helveston, and the ALJ was not bound to accept this evidence without weighing it and comparing it with the other medical evidence of record.

## II.

The ALJ determined that a decision on disability could not be made on the basis of work activity or medical facts alone. Plaintiff was evaluated as to residual functional capacity by Dr. Schweikert on January 28, 1983, and was found physically capable of performing medium work activity. Dr. Cameron, a vocational expert called in by the ALJ, concluded that plaintiff could perform entry level sedentary work—work existing in significant numbers in the national economy.

Plaintiff complains, however, that if the ALJ had looked to the grids found in 20 C.F.R. § 404, Subpart P, Appendix 2, Table No. 1, he would have been found disabled since he was of advanced age, with a limited or less education and non-transferable work skills. Plaintiff's argument, however, is predicated on the erroneous assumption that Table 1 is the table that applies in this case. Plaintiff's confusion is understandable in this regard because the ALJ does state that the claimant has the residual functional capacity to perform a "full range of sedentary work...." (App. 15.) However, the plaintiff misconstrues that statement and equates it with a finding that this is the *maximum* residual capacity possessed by the plaintiff. It is clear from a reading of the entire opinion that the ALJ relied upon the testimony of Dr. Schweikert to the effect that plaintiff could perform medium work activity. Based upon this conclusion one is directed not to Table 1 but to Table 3 of the grids which directs that an individual of plaintiff's age, education, and skills is not disabled. The ALJ went on to further deter-

mine, relying on the opinion of the vocational expert, Dr. Cameron, that there were entry level jobs in the national economy that plaintiff could perform. Since the plaintiff was found to have the capacity for medium work activity, there was neither harm nor error in concluding that he could physically perform the full range of entry level sedentary positions. Once the vocational expert supplies evidence that such jobs are in fact available, this supplies the balance of the substantial evidence necessary to support the ALJ's conclusion.

### III.

■ The objection to the hypothetical question put before the vocational expert is not well founded. The ALJ asked the vocational expert to assume plaintiff could perform a full range of sedentary work. Plaintiff objects to the inclusion of this assumption. As pointed out, *supra*, there was substantial evidence in the record to the effect that plaintiff's impairments were such that he could perform medium work and thus, by definition, the full range of sedentary work, so it was not error to make this assumption part of the hypothetical. Furthermore, the record demonstrates that the vocational expert had examined plaintiff's file and familiarized himself with the contents of the medical reports and other exhibits. Thus, the vocational expert was basing an opinion on the specific knowledge of this plaintiff, not just on a hypothetical person.

AFFIRMED.