953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kern William FEE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-5991.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Kern William Fee, who is proceeding pro se, appeals the district court's order affirming the Secretary's denial of his application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Fee filed an application for social security disability insurance benefits alleging a disability due to multiple impairments. Fee last met the disability insured status requirements for purposes of entitlement to disability insurance benefits on December 31, 1986. The Administrative Law Judge (ALJ) determined Fee was not disabled because he retained the residual functional capacity to perform work which exists in significant numbers in the regional and national economy. The Appeals Council denied Fee's request for review.
 
 
 3
 Fee then filed a complaint seeking judicial review of the Secretary's decision. The district court determined that substantial evidence existed to support the Secretary's determination and granted summary judgment for the defendant.
 
 
 4
 Fee has filed a timely appeal and his brief has been construed as raising those same arguments which he raised before the district court. He argues that the Secretary's decision is not supported by substantial evidence, especially concerning his residual functional capacity. He also argues that his allegations of pain are credible and supported by the objective evidence, that the psychiatric evidence is relevant to establish a severe psychiatric impairment prior to his last insured date, and that the ALJ posed an insufficient hypothetical question to the vocational expert (VE). Both parties have filed briefs.
 
 
 5
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The Secretary properly evaluated Fee's complaints of pain and other symptoms because subjective complaints in the absence of objective medical evidence to support the existence or severity of the alleged symptoms cannot be a sufficient basis for establishing disability. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). Although there is no dispute that the medical evidence shows an underlying medical condition, Fee has failed to show that his medical condition is of such a level of severity that it can reasonably be expected to produce the disabling pain and other symptoms. Id.
 
 
 6
 Fee has also failed to show that he suffered from a severe psychiatric impairment prior to the expiration of his last insured date. In order to establish entitlement to social security disability insurance benefits, an individual must show that he became "disabled" prior to the expiration of his insured status. See Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir.1990). Although there is current evidence of a severe psychiatric impairment, Fee has failed to demonstrate that this psychiatric impairment relates back to a time prior to December 31, 1986. See Parsons v. Heckler, 739 F.2d 1334, 1340 (8th Cir.1984).
 
 
 7
 The ALJ considered Fee's exertional and nonexertional limitations and posed a hypothetical question to the VE which accurately portrayed his residual functional capacity. See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir.1987). The VE's testimony constitutes substantial evidence to support the Secretary's finding that Fee could perform a significant number of jobs in the national economy. Bradford v. Secretary of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.