956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey DODD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1282.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 1
 Before KEITH and SILER, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Jeffrey Dodd appeals the order of the district court affirming the Secretary's denial of his application for social security supplemental security income benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 Dodd filed an application for supplemental security income alleging a disability due to pain in the left hip, a head injury, seizures and problems with his hands. An administrative law judge (ALJ) determined that Dodd was not disabled because he retained the residual functional capacity to perform a significant number of jobs which exist in the national economy. The Appeals Council denied Dodd's request for review.
 
 
 4
 Dodd then filed a complaint seeking judicial review of the Secretary's decision. A magistrate determined that substantial evidence existed to support the Secretary's decision and recommended granting summary judgment for the defendant. Over Dodd's objections, the district court adopted the magistrate's report and recommendation and dismissed the case. Dodd has filed a timely appeal.
 
 
 5
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. See Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ properly considered Dodd's treating doctors' opinions. A physician's opinion regarding disability is not dispositive. See Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). An ALJ can disregard a treating doctor's opinion if it is not supported by substantial evidence. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984).
 
 
 6
 The ALJ considered Dodd's exertional and nonexertional limitations and posed a hypothetical question to the vocational expert (VE) which accurately portrayed his residual functional capacity. See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir.1987). The VE's testimony constitutes substantial evidence to support the Secretary's finding that Dodd could perform a significant number of jobs in the national economy. See Bradford v. Secretary of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 7
 Dodd's claim that the ALJ did not properly assess his credibility has been abandoned on appeal and is, therefore, not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Dodd did not properly present his claim regarding the ALJ's assessment of his residual functional capacity to the district court and this court will not address this issue for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 9
 Accordingly, we affirm the district court's judgment for the reasons set forth in the magistrate's report and recommendation filed on December 10, 1990, as adopted by the district court in its order filed on February 25, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation