977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara A. SENTER, Plaintiff-Appellee,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-6222.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from the Secretary's denial of disability insurance benefits and supplemental security income to the claimant, Barbara Senter. The claimant alleges that the Secretary's decision was not supported by substantial evidence. Furthermore, she contends that the district judge's failure to respond to specific objections raised by the claimant to the magistrate's report and recommendation violated her due process rights. For the reasons that follow, we reject the claimant's arguments and affirm the denial of benefits.
 
 I.
 
 2
 At the time of this appeal, the claimant is forty-three years old and has a tenth grade education. She suffers from bilateral vocal cord paralysis, and has had two arytenoidectomies in efforts to alleviate her condition. The first operation was conducted in October 1976, with a second surgery performed in 1985. This vocal cord paralysis causes shortness of breath and is exacerbated by infections, smoke, dust and any physical exertion.
 
 
 3
 Additionally, the claimant suffers from cardiac arrythmia, resulting in severe chest pains. An electrocardiogram conducted in 1987 revealed "frequent premature ventricular contractions with bigeminy." The claimant asserts that the combination of these two medical disorders creates her disability.
 
 
 4
 The claimant instituted this claim for benefits on July 22, 1987, after having three previous claims denied, none of which was appealed. In this case, however, the claimant pursued the appeals process when she was initially denied benefits. An administrative hearing was requested, and the ALJ heard the claimant's appeal on June 1, 1988. The ALJ found the claimant to have no impairment and no disability, and denied her claim. Subsequently, the Appeals Council vacated the ALJ's decision, citing the need for additional vocational testimony.
 
 
 5
 A vocational expert, Dr. Copple, testified at the supplemental hearing that the claimant could work as a sandwich maker, a deli worker, or perform light exertion tasks on an assembly line. However, Dr. Copple did add that if the claimant could perform no exertion, she would be precluded from performing these jobs as well. Consequently, the ALJ again denied benefits, and concluded that the claimant currently had no pain. The Appeals Council affirmed the ALJ.
 
 
 6
 The claimant filed this action in the district court, and the magistrate who was assigned the case recommended that the ALJ's decision be upheld. The claimant raised several objections to the magistrate's findings, but the district court summarily adopted the magistrate's report, and the claimant appealed.
 
 II.
 
 7
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed proper legal standards. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981). In determining whether the Secretary's factual findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1173 (6th Cir.1990).
 
 
 8
 It is conceded by the Secretary that the claimant is unable to perform any of her past work. Accordingly, the burden shifts to the Secretary to demonstrate the availability of jobs the claimant may perform considering age, education, past work experience and residual functional capacity. Moon v. Secretary of Health and Human Services, 923 F.2d 1175, 1181 (6th Cir.1990). The testimony of a vocational expert may constitute substantial evidence to support the Secretary's finding that a claimant is capable of performing a significant number of jobs existing in the regional and national economy. Bradford v. Secretary of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986).
 
 
 9
 In this case, the ALJ relied on the testimony of the vocational expert, Dr. Copple, who provided a list of jobs requiring a minimal amount of physical exertion that he believed the claimant could perform. The claimant argues that even Dr. Copple admitted that all jobs require some exertion, and these tasks could not be performed if the claimant has no exertional capacity.
 
 
 10
 The record does contain substantial evidence that supports the ALJ's decision. Dr. Robert P. Tuma and Dr. Jerrall P. Crook are otolaryngologists who treated Ms. Senter. Both stated in 1988 that while she has a serious impairment of the airway that causes her to get short of breath easily, Ms. Senter's condition does not preclude sedentary work. Both doctors stated that she could not do work that required vocal communication or moving about. And both doctors ruled out activity that would require exertion. Since all work requires some exertion, the ALJ reasonably interpreted the reference to "no exertion" to mean "no significant exertion."
 
 III.
 
 11
 Despite the fact the Ms. Senter's lawyer filed a ten page response to the magistrate judge's report and recommendation, the district court disposed of the matter with the following memorandum:
 
 
 12
 In this case, the Report and Recommendation of the United States Magistrate is hereby approved and made a part hereof as fully as if copied verbatim herein. An appropriate order will be entered.
 
 
 13
 The claimant argues on appeal that the district court denied her due process of law "by failing to specifically address Appellant's specific objections" to the report and recommendations of the magistrate judge. We find no due process violation or other reversible error in the district court's disposition. Nevertheless, the district court might have avoided this appeal by mentioning briefly the reasons for overruling the objections. Furthermore, such a statement would simplify and expedite the appellate process. As it is, we have been required to examine the claimant's objections and dispose of them without any indication of the district judge's reasoning.
 
 
 14
 Although we strongly recommend that district courts put on the record at least brief statements in support of their decisions to overrule objections to a magistrate judge's report and recommendation, we decline to pronounce failure to make such a statement error per se. This case provides a good illustration of why a per se rule would be unwise. The "specific objections" filed by Ms. Senter's attorney were specific only in the sense that they did not attack every one of the magistrate judge's conclusions. Actually, the objections were presented in the form of a brief, with case citations and legal arguments interspersed with statements questioning the magistrate judge's approach to the medical evidence. The objections were neither concise nor focused. It would have been difficult for the district judge to treat the objections in a written order without duplicating the claimant's approach and preparing a response brief.
 
 
 15
 We believe the requirement of specific objections contemplates a set of objections that contains a clear listing of alleged errors with a minimum of argument. The magistrate judge's inquiry is essentially factual and the objections should point to the ways in which the objector feels that facts have been overlooked or misapprehended. If the objector claims that the magistrate has employed improper legal standards, that claim should be made and argued separately from objections related to facts, not interspersed with them.
 
 
 16
 We find no reversible error in the district court's disposition of the objections.
 
 
 17
 The judgment of the district court is affirmed.