977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reva KOCIOLEK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1150.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and HIGGINBOTHAM, Senior Circuit Judge.*
 
 ORDER
 
 1
 Reva Kociolek, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of her application for disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The appellee has waived oral argument. Although requested to do so by May 29, 1992, the appellant has not objected to the submission of the case on the briefs. Therefore, she also has waived oral argument.
 
 
 2
 Kociolek filed an application for disability insurance benefits on March 20, 1989, alleging a disability since January 1, 1989, due to a heart attack. She was born on September 23, 1931, and was 58 years old at the time of the administrative hearing. She is a high school graduate. She has past relevant work experience as a real estate agent and as an officer for the United Telephone Workers' Union.
 
 
 3
 An administrative law judge (ALJ) found Kociolek retained the residual functional capacity to perform a significant number of jobs in the national economy. The Appeals Council denied Kociolek's request for review.
 
 
 4
 She then filed a complaint seeking judicial review of the Secretary's decision. Over Kociolek's objections, the district court adopted the magistrate judge's report and recommendation and concluded that substantial evidence existed to support the Secretary's decision.
 
 
 5
 On appeal, Kociolek argues that the Secretary's decision is not supported by substantial evidence because she does not have work skills which would readily transfer to sedentary work without significant vocational adjustment.
 
 
 6
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The vocational expert (VE) testified at the administrative hearing that Kociolek's past work imparted to her various skills that would readily transfer to sedentary work in the same industry that she had previously worked and in other industries. The VE further testified that there would be no vocational adjustment required in terms of tools, work processes, work settings or the industry. See 20 C.F.R. Part 404, Subpt. P, App. 2 § 201.00(f). The VE's testimony constitutes substantial evidence to support the Secretary's finding that Kociolek could perform a significant number of jobs in the national economy. Cf. Bradford v. Secretary of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable A. Leon Higginbotham, Jr., Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation