986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry L. SMITH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-3587.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Terry L. Smith, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of his application for disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff's current application for disability benefits filed on March 17, 1989, is his third. He alleges a disability since November 2, 1984, due to a back impairment. He was born on December 14, 1938, and is a high school graduate. He has past relevant work experience as a heavy equipment operator for a cement company. He last met the disability insured status requirements under the Social Security Act on December 31, 1989.
 
 
 4
 An ALJ determined that Smith had the residual functional capacity (RFC) to perform a limited range of light work. Relying on the testimony of a vocational expert (VE) and the medical-vocational guidelines (grids), the ALJ found Smith could perform a significant number of jobs in the national economy and was, therefore, not disabled. After the Appeals Council considered the additional evidence submitted by Smith's attorney, it denied his request for review of the ALJ's decision.
 
 
 5
 Smith then filed a complaint seeking judicial review of the Secretary's decision. In the district court, Smith alleged that the Secretary's decision was not supported by substantial evidence because: (1) the ALJ did not give proper weight to his treating doctor's (Shannon) opinion and the doctor's RFC assessment; (2) the ALJ did not give proper weight to Smith's allegations of pain and erred in assessing his credibility; (3) the Secretary failed to consider that Smith suffers from a severe mental impairment; and (4) the Secretary erred in finding that there were a significant number of jobs in the national economy that Smith could perform because the VE's testimony and grids indicate that Smith is disabled. The district court carefully considered the claims raised by Smith and granted summary judgment in favor of the Secretary.
 
 
 6
 On appeal, Smith continues to argue the merits of his case except he did not raise the claim regarding his treating doctor's opinion. In his claim regarding his mental impairment, Smith attempts to raise for the first time on appeal that the Appeals Council erred by not completing a Psychiatric Review Technique Form (PRTF) when it denied his request for review. The appellee has waived oral argument in this case. Although requested to do so by September 28, 1992, the appellant has not objected to the submission of the case on the briefs. Thus, he has waived oral argument.
 
 
 7
 Initially, it should be noted that Smith has abandoned his argument that the ALJ did not give proper weight to his treating doctor's opinion. Therefore, this issue is not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Furthermore, because Smith's argument that the Appeals Council did not complete a PRTF is being raised for the first time on appeal, it also is not reviewable. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 8
 Upon review, we conclude that the Secretary's decision denying benefits is supported by substantial evidence. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Smith's subjective complaints in the absence of objective medical evidence to support the existence or severity of the alleged symptoms cannot be a significant basis for establishing disability. See McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988). Smith has not shown that he suffered from a severe mental impairment prior to the expiration of his insured status, see Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir.1990), nor has he demonstrated good cause for his failure to incorporate the evidence concerning his mental status prior to the ALJ issuing his opinion. See Melkonyan v. Sullivan, 111 S.Ct. 2157, 2163-64 (1991).
 
 
 9
 Lastly, the VE's testimony constitutes substantial evidence to support the Secretary's finding that Smith is capable of performing a significant number of jobs in the national economy. See Bradford v. Secretary of the Dep't of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation