995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William ENGLEHARDT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-2457.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1993.
 
 1
 Before: GUY and SUHRHEINRICH, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 William Englehardt appeals a district court order affirming the Secretary's denial of his application for social security disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Engelhardt has not requested oral argument and, therefore, is deemed to have waived oral argument pursuant to Sixth Circuit Rule 9(d). The Secretary has expressly waived oral argument.
 
 
 3
 Englehardt filed an application for social security disability insurance benefits with the Secretary, alleging that he suffered from blindness in the right eye, angina, impaired circulation, numbness in the extremities, impaired concentration, anxiety, depression, and a heart condition. Following a hearing, an Administrative Law Judge (ALJ) determined that Englehardt was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council affirmed the ALJ's determination.
 
 
 4
 Englehardt then filed a complaint seeking a review of the Secretary's decision. The district court held that substantial evidence existed to support the Secretary's decision and granted summary judgment for the Secretary. In his timely appeal, Englehardt argues that the Secretary did not consider all of his impairments, that he cannot perform sedentary work, and that the Secretary's credibility analysis was erroneous.
 
 
 5
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The Secretary did consider all of Englehardt's impairments. The ALJ's hypotheticals to the vocational expert accurately portrayed Englehardt's physical impairments. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The vocational expert's testimony constitutes substantial evidence to support the Secretary's finding that Englehardt was capable of performing a significant number of jobs in the economy. Bradford v. Secretary of the Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam). The ALJ's credibility determination as to Englehardt's subjective complaints of pain was also proper. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation