4 F.3d 993
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cindy CLARK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1287.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 1
 W.D.Mich., No. 92-00267.
 
 
 2
 W.D.Mich.
 
 
 3
 AFFIRMED.
 
 
 4
 BEFORE: JONES and NORRIS, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 5
 Cindy Clark, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of disability benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 6
 Clark filed an application for supplemental security income benefits on May 18, 1990, alleging a disability due to headaches and the fact that she cannot read and write. She worked as a bingo runner and as a housekeeper for a hotel, which a vocational expert (VE) characterized as light, unskilled work. She completed the ninth grade in a special education curriculum. She has not engaged in substantial gainful activity since she filed her application for disability benefits.
 
 
 7
 An administrative law judge (ALJ) determined that Clark had the residual functional capacity to perform work where she did not have to read/write, follow detailed instructions and which was low stress in nature. No exertional limitations were noted. Relying on the testimony of a VE, the ALJ found that Clark could perform a significant number of jobs in the national economy and was not disabled.
 
 
 8
 Clark then sought judicial review of the Secretary's decision. Although she waived her right to representation at the administrative hearing, she is now represented by counsel. The district court granted the defendant's motion for summary judgment and dismissed the case.
 
 
 9
 On appeal, Clark argues that the Secretary's decision is not supported by substantial evidence because: (1) her medical condition either meets or at least equals Sec. 12.05 of the Secretary's listing of impairments in 20 C.F.R. Part 404, Subpt. P, App. 1, and (2) the ALJ's finding that Clark could perform a significant number of jobs in the economy is not supported by the evidence.
 
 
 10
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision denying supplemental security income benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The record does not demonstrate that Clark's condition either meets or equals Sec. 12.05 of the Secretary's listings. The evidence does not conclusively show that Clark's intelligent quotient of 68 was a valid measurement of her mental capabilities prior to the time she turned 22 years old. Furthermore, she does not have other physical or mental impairments which pose additional and significant work-related limitations of function as required by Sec. 12.05(C) of the listings. Cf. Williamson v. Secretary of Health and Human Servs., 796 F.2d 146, 151 (6th Cir.1986).
 
 
 11
 The VE's testimony constitutes substantial evidence to support the Secretary's finding that Clark is capable of performing a significant number of jobs existing in the national economy. Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 12
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, Chief District Judge for the Eastern District of Tennessee, sitting by designation