9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Margie R. BAILEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1482.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 1
 Before JONES and SILER, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Margie R. Bailey, a Michigan resident represented by counsel, appeals a district court judgment affirming the Secretary's denial of her application for social security disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Bailey has not requested oral argument, and, therefore, she is deemed to have waived oral argument pursuant to Sixth Circuit Rule 9(d). The Secretary has expressly waived oral argument.
 
 
 3
 Bailey filed an application for social security disability insurance benefits with the Secretary alleging that she suffered from asthma and depression. Following a hearing, the Administrative Law Judge (ALJ) determined that Bailey was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council affirmed the ALJ's determination. Bailey then filed a complaint seeking review of the Secretary's decision. The district court held that substantial evidence existed to support the Secretary's decision and granted summary judgment for the Secretary. Bailey filed a timely appeal.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ's credibility determination was proper. Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). The ALJ properly rejected the opinion of Dr. Ramierez. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779-80 (6th Cir.1987). The ALJ's hypotheticals to the vocational expert also accurately portrayed Bailey's impairments. Id. at 779. The vocational expert's testimony constitutes substantial evidence to support the Secretary's finding that Bailey was capable of performing a significant number of jobs in the economy. Bradford v. Secretary of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam). Mr. Bailey's testimony was not entitled to weight. Siterlet, 823 F.2d at 920. Finally, Bailey's numerous daily activities do not indicate that she is disabled due to asthma or a mental condition. See Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam).
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation