19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas HARPER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1962.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Thomas Harper, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of his application for disability insurance benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Harper filed his application for disability insurance benefits on September 6, 1989, alleging a disability since May 21, 1979, due to arthritis of the hips, back, legs and spine. He last met the disability insured status requirements under the Social Security Act on December 31, 1984. An administrative law judge (ALJ) determined that Harper had the residual functional capacity to perform work which exists in significant numbers in the national economy. He, therefore, determined that Harper was not disabled.
 
 
 3
 Harper then filed a complaint seeking judicial review of the Secretary's decision. A magistrate judge recommended granting summary judgment in favor of the Secretary. After de novo review in light of Harper's objections, the district court accepted the recommendation of the magistrate judge and dismissed the case. On appeal, Harper's brief is construed as alleging those arguments which he raised in the district court.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Harper's allegation of disabling pain does not satisfy the two-part test announced in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). The ALJ also properly evaluated Harper's treating doctors' opinions. A physician's opinion regarding disability is not dispositive, Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986), and an ALJ can give less weight to the opinion if it is not based on detailed clinical and diagnostic test evidence. Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir.1991).
 
 
 5
 Furthermore, the ALJ posed a hypothetical question to the vocational expert (VE) which accurately portrayed Harper's limitations. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The VE's testimony constitutes substantial evidence that Harper could perform a significant number of jobs in the economy. Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's judgment.