19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvester VALLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2185.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Sylvester Valley appeals a district court judgment affirming the Secretary's denial of his application for social security disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Valley has not requested oral argument and, therefore, he is deemed to have waived oral argument pursuant to Sixth Circuit Rule 9(d). The Secretary has expressly waived oral argument.
 
 
 2
 Valley filed an application for social security disability insurance benefits with the Secretary alleging that he suffered from chronic obstructive and restrictive pulmonary disease, back pain, hypertension, and shortness of breath. Following a hearing, the administrative law judge (ALJ) determined that Valley was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council affirmed the ALJ's determination.
 
 
 3
 Valley then filed a complaint seeking a review of the Secretary's decision. The district court held that substantial evidence existed to support the Secretary's decision and granted summary judgment for the Secretary. Valley filed a timely appeal.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). After a review of the medical evidence, we conclude that Valley does not meet listing 3.02A of 20 C.F.R. Part 404, Subpart P, App. 1. The ALJ properly concluded that Valley's testimony was not credible. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). The hypothetical questions to the vocational expert properly portrayed Valley's impairments. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The vocational expert's testimony provides substantial evidence that Valley can perform a substantial number of jobs in the economy. Bradford v. Secretary of the Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam). Finally, medical evidence does not establish that Valley suffers from disabling pain. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.