19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter C. RICH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-6242.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: NELSON, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Walter C. Rich, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of his applications for social security disability insurance and supplemental security income benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rich filed his applications for social security benefits alleging a disability since May 4, 1990, due to complications from stab wounds. An administrative law judge (ALJ) determined that Rich had the residual functional capacity to perform a limited range of sedentary work. Relying on the medical-vocational guidelines and the testimony of a vocational expert (VE), the ALJ determined that Rich could perform work which exists in significant numbers in the national economy. Therefore, the ALJ determined that Rich was not disabled.
 
 
 3
 Rich then filed a complaint seeking judicial review of the Secretary's decision. A magistrate judge recommended granting summary judgment in favor of the Secretary. Upon de novo review in light of Rich's timely objections, the district court adopted the findings of the magistrate judge and dismissed the case.
 
 
 4
 On appeal, Rich argues that the Secretary's decision is not supported by substantial evidence because his condition meets and/or equals Sec. 1.13 of the Secretary's listing in 20 C.F.R. Part 404, Subpt. P., App. 1. He also argues that the Secretary posed an insufficient hypothetical question to the VE and failed to meet her burden of showing that there is a significant number of jobs in the economy that Rich could perform.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Rich has failed to demonstrate that he meets all the requirements set forth in Sec. 1.13 of the Secretary's listings or that his medical condition is as severe as it would be if he met the requirements. Cf. Hale v. Secretary of Health and Human Servs., 816 F.2d 1078, 1083 (6th Cir.1987). The ALJ posed a hypothetical question to the VE which accurately portrayed Rich's medical condition. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The VE's testimony constitutes substantial evidence to support the Secretary's finding that a claimant is capable of performing a significant number of jobs in the economy. Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.