51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony W. GUILFOYLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1860.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1995.
 
 Before: CONTIE, RYAN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Anthony Guilfoyle, a social security claimant represented by counsel, appeals a district court judgment which affirmed the Secretary's denial of social security disability benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P.34(a).
 
 
 2
 Guilfoyle filed his current application for supplemental security income benefits on March 24, 1992, alleging a disability due to ruptured discs in the neck. He later filed an application for disability insurance benefits on February 18, 1993. An administrative law judge (ALJ) determined that for purposes of entitlement to disability insurance benefits, Guilfoyle did not have sufficient quarters of coverage to be eligible for this type of disability benefit. With regard to Guilfoyle's application for supplemental security income benefits, the ALJ concluded that Guilfoyle had the residual functional capacity (RFC) to perform sedentary work with a sit/stand option, and work which did not involve excessive bending, twisting and turning of the head. Relying on the medical-vocational guidelines and the opinion of a vocational expert (VE), the ALJ determined that Guilfoyle could perform jobs which exist in significant numbers in the national economy and was not disabled. The Appeals Council denied Guilfoyle's request for review.
 
 
 3
 Guilfoyle then sought judicial review of the Secretary's decision. The district court considered all of Guilfoyle's arguments, but nonetheless found that there was substantial evidence to support the Secretary's decision. On appeal, Guilfoyle continues to argue the merits of his case.
 
 
 4
 Upon review, we conclude that the Secretary's decision denying social security disability benefits is supported by substantial evidence. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Guilfoyle does not have sufficient quarters of coverage for purposes of entitlement to disability insurance benefits. 20 C.F.R. Secs. 404.140-404.146. Furthermore, the medical evidence supports the ALJ's assessment of Guilfoyle's RFC. Guilfoyle also does not meet the two-part test set forth in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986), with regard to his complaints of pain. The ALJ also did not err in considering Guilfoyle's treating doctor's opinion. A treating physician's opinion regarding disability is not dispositive, Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986), and the opinion must be supported by detailed clinical and diagnostic test evidence. Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir.1991). Dr. Hopkins's opinion regarding Guilfoyle's ability to work was properly considered and incorporated into the ALJ's RFC assessment.
 
 
 6
 Guilfoyle is capable of performing work which exists in significant numbers in the economy. Cf. Barker v. Secretary of Health and Human Servs., 882 F.2d 1474, 1478-79 (9th Cir.1989) (1,266 jobs is a significant number of jobs); Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir.1988) (500 jobs in region is a significant number); Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988) (1,350 to 1,800 jobs is a significant number in region where claimant lives). The VE's testimony is substantial evidence to support the Secretary's finding that Guilfoyle is capable of performing a significant number of jobs in the economy. Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 7
 Accordingly, we affirm the district court's judgment.