47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack MIFFLIN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1547.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1995.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Jack Mifflin appeals a district court order affirming the Secretary's denial of his applications for social security disability benefits and supplemental security income (SSI) benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mifflin filed applications with the Secretary, seeking social security disability and SSI benefits. Mifflin alleged that he suffered from blindness in his left eye and from a disabling back condition. Following a hearing, the administrative law judge (ALJ) determined that Mifflin was not disabled because he had the residual functional capacity to perform a significant number of jobs in the regional and national economy. Upon review, the Appeals Council affirmed the ALJ's determination. Mifflin then filed a complaint seeking judicial review of the Secretary's decision. Over Mifflin's objections, the district court adopted the magistrate judge's report and recommendation, concluded that the Secretary's decision was supported by substantial evidence, and granted summary judgment for the defendant. Mifflin has filed a timely appeal.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The medical evidence in the record supports the ALJ's conclusion that Mifflin can perform a limited range of light work. Further, the Secretary properly disregarded the disability finding of Dr. Weber because his opinion was not properly supported by detailed clinical and diagnostic test evidence. See generally Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir.1991). The vocational expert's testimony that other jobs exist in the regional and national economy which Mifflin can perform constitutes substantial evidence in support of the Secretary's decision. See Bradford v. Secretary of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam). Substantial evidence also supports the ALJ's conclusion that Mifflin does not suffer from disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 5
 Accordingly, we affirm the judgment of the district court for the reasons set forth in the magistrate judge's report and recommendation filed on January 31, 1994, as adopted by the district court in its order filed on April 8, 1994.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation