51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack M. LEWIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1807.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 Before: KRUPANSKY, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Jack M. Lewis, a social security claimant represented by counsel, appeals a district court judgment which affirmed the Secretary's denial of Lewis's applications for social security benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Lewis filed an application for disability insurance benefits and supplemental security income benefits on May 14, 1991, alleging a disability since May 1, 1984, due to multiple impairments. An administrative law judge (ALJ) found that Lewis had the residual functional capacity (RFC) to perform a limited range of light work with a sit/stand option and which could be performed by an individual with a verbal I.Q. of 77. The ALJ also limited Lewis to work which did not require lifting in excess of 20 pounds, the frequent use of his right upper extremity, prolonged sitting, standing or walking, and excessive twisting and bending. Relying on the medical-vocational guidelines and the testimony of a vocational expert (VE), the ALJ found that Lewis could perform a significant number of jobs in the economy and was, therefore, not disabled. The Appeals Council denied Lewis's request for review.
 
 
 3
 Lewis then sought judicial review of the Secretary's decision. The district court held that there was substantial evidence to support the Secretary's decision and dismissed the case. On appeal, Lewis's brief is construed as arguing those claims which he raised in the district court.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ properly assessed Lewis's RFC and Lewis did not establish that he was suffering from severe and disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). In addition, the ALJ did not err in giving greater weight to the opinion of Dr. Herz, than to the opinion of Dr. Armstrong. Dr. Armstrong did not treat Lewis as long as Dr. Herz, and Dr. Armstrong did not support his RFC assessment with detailed clinical and objective findings. See Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir.1991). Dr. Herz's opinion regarding Lewis's ability to engage in work activity supports the ALJ's RFC assessment.
 
 
 5
 Because Lewis suffered from significant nonexertional limitations in addition to his exertional limitations, the ALJ properly used the medical-vocational guidelines only as a framework for decisionmaking and consulted a VE before making a determination if there was other work that Lewis could perform. See Loy v. Secretary of Health and Human Servs., 901 F.2d 1306, 1310 (6th Cir.1990) (per curiam). Furthermore, the VE identified over 14,000 light sit/stand jobs that Lewis could perform. This constitutes a significant number of jobs in the economy. Cf. Barker v. Secretary of Health and Human Servs., 882 F.2d 1474, 1478-79 (9th Cir.1989) (1,266 jobs is a significant number of jobs); Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir.1988) (500 jobs in region is a significant number); Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988) (1,350 to 1,800 jobs is a significant number in the region where the claimant lives). The VE's testimony is substantial evidence to support the Secretary's finding on this issue. Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's judgment.