54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Stebbin LOWERY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3888.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Stebbin Lowery appeals a district court order affirming the Secretary's denial of his application for social security disability benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In seeking disability benefits, Lowery alleged that he suffered from a heart condition, leg pain, and back pain. Following a hearing, the administrative law judge (ALJ) determined that Lowery was not disabled because he had the residual functional capacity to work as a foreman. The Appeals Council affirmed the ALJ's determination, which thereby became the decision of the Secretary. Lowery then filed a complaint seeking judicial review of the Secretary's decision. Upon consent of the parties, the matter was referred to a magistrate judge for determination. The magistrate judge concluded that the Secretary's decision was supported by substantial evidence and granted summary judgment for the defendant. Lowery has filed a timely appeal.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). The medical evidence in the record supports the ALJ's finding that Lowery can perform a limited range of light work. Substantial evidence also supports the ALJ's finding that Lowery does not suffer from disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). The vocational expert's testimony constitutes substantial evidence as to the existence of foreman jobs that Lowery can perform. See Bradford v. Secretary of Health and Human Servs., 803 F.2d 871, 874 (6th Cir. 1986). As Lowery did not argue in the district court that he lacks the literacy skills required to perform the job of foreman, we will not consider that argument on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993).
 
 
 5
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation