59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John GIDDENS, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 93-4250.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 Before: LIVELY, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 John Giddens, a pro se social security disability claimant, appeals a district court judgment which affirmed the Secretary's denial of his application for social security disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Giddens filed his current application for disability insurance benefits on November 1, 1988, alleging a disability since June 1, 1982, due to hypertensive cardiovascular disease, diabetes mellitus, coronary artery disease and anxiety attacks. Giddens last met the disability insured status requirements for purposes of entitlement to disability insurance benefits on December 31, 1987.
 
 
 3
 An administrative law judge (ALJ) determined that, despite Gidden's severe physical and mental impairments, he had the residual functional capacity to perform light work where he would not have to supervise others, make sophisticated decisions, produce work against a time constraint, or work in tandem with others. Relying on the medical-vocational guidelines and the testimony of a vocational expert (VE), the ALJ determined that Giddens could perform work which exists in significant numbers in the national economy and that Giddens was, therefore, not disabled. The Appeals Council denied Giddens's request for review.
 
 
 4
 Represented by counsel, Giddens then sought judicial review of the Secretary's decision. The district court determined that there was substantial evidence to support the Secretary's decision and dismissed the case.
 
 
 5
 On appeal, Giddens is proceeding pro se. His brief is construed as arguing the following claims which he raised in the district court: the ALJ did not give proper weight to his treating physician's opinion, did not apply the proper age classification to his case, gave an insufficient hypothetical question to the VE, and erred in finding that Giddens could perform a significant number of jobs in the national economy.
 
 
 6
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam).
 
 
 7
 The ALJ was not required to accept the opinion of Dr. Manthey, Gidden's treating physician. Although the opinion of a treating physician is given greater weight than that of an examining physician, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), Dr. Manthey's opinion was not consistent with the detailed clinical and diagnostic test evidence. Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993); Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir. 1991).
 
 
 8
 The ALJ applied the proper age criteria using the medical-vocational guidelines as a framework to make his decision and the ALJ considered Giddens's chronological age at the time of his last insured date; there was no error in this regard. See Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988) (per curiam). In addition, the ALJ posed a hypothetical question to the VE which accurately portrayed Giddens's physical and mental impairments. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir. 1987). The VE testified that Giddens could perform the jobs of folder, bagger and clerk in the laundry industry and that 187,000 of these jobs existed nationally and 17,524 locally. This constitutes a significant number of jobs. Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988) (1,350 to 1,800 jobs is a significant number in region where claimant lives). The VE's testimony offers substantial evidence to support the Secretary's finding that Giddens is capable of performing a significant number of jobs in the economy. Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir. 1986) (per curiam).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.