60 F.3d 827
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Lehman Dale WELLS, Jr., Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2186.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 7, 1995.
Decided: July 7, 1995.
 
 ARGUED: George Howard Thomason, Thomason & French, Spartanburg, SC, for Appellant. Ronald Lamar Paxton, Assistant Regional Counsel, Office of the General Counsel, Region IV, Department of Health & Human Services, Atlanta, GA, for Appellee. ON BRIEF: Stuart M. Gerson, Assistant Attorney General, J. Preston Strom, Jr., United States Attorney, Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel/Social Security Disability Litigation, Cheryl Nikonovich-Kahn, Assistant Regional Counsel, Office of the General Counsel, Region IV, Department of Health & Human Services, Atlanta, GA, for Appellee.
 Before RUSSELL and MOTZ, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Lehman Dale Wells, Jr. appeals from an order of the district court affirming the decision of the Secretary which denied his claim for disability benefits. Because substantial evidence supports the Secretary's decision that Wells is not disabled, we affirm.
 
 
 2
 On March 14, 1990, Wells filed his current application for disability benefits, see 42 U.S.C. Sec. 423 (West 1991 & Supp.1995), contending that he became disabled on November 30, 1986 as the result of an injury to his back that he received in 1983 while working as an apartment maintenance worker. His application was denied. He then requested and received a hearing before an administrative law judge at which he was represented by counsel and he, his ex-wife, and a vocational expert testified. The ALJ denied Wells' claim. Wells next requested that the Appeals Council review the ALJ's decision and submitted additional evidence to it. The Appeals Council declined to review the ALJ's decision and so it became the final decision of the Secretary.
 
 
 3
 Wells appealed the Secretary's decision to the Spartansburg Division of the United States District Court for the District of South Carolina. A magistrate judge filed a report recommending that the decision of the Secretary be affirmed. When Wells filed objections to the magistrate judge's report, the district court conducted a de novo review of all the evidence in the record, including the magistrate judge's report and Wells' objections to it. Following that review, the district court adopted the magistrate judge's report and so entered judgment in favor of the Secretary. Wells now appeals to this court.
 
 
 4
 Wells was born April 19, 1956 and so was 27 or 28 years old in 1983 when he initially injured his back. Except for the fact that the injury occurred while Wells was working as an apartment maintenance worker, the cause, nature, and extent of that injury are unclear. Apparently Wells did not consider it to be serious at that time. (The only evidence in the record that Wells received medical treatment before 1988 is the treatment notes of Dr. Bruce C. Ehlich, a chiropractor. Those notes indicate that Wells was treated intermittently from 1982 to 1990. They similarly reflect that Wells sought no treatment from Dr. Ehlich from April 26, 1982 to August 29, 1984.) Wells continued working until 1987, at which time he stopped working because of his back injury. Since that time, he was seen a number of doctors for physical and psychological problems.
 
 
 5
 The parties agree that Wells is not able to engage in past work and so the burden is on the Secretary to establish that there are other jobs in the national economy that he can perform. See, e.g., English v. Shalala, 10 F.3d 1080, 1082 (4th Cir.1993). To that end, Karl Weldon, a vocational expert, was questioned before the ALJ. Weldon responded to hypothetical questions concerning the type of work that a person could perform in light of physical and psychological conditions of varying degrees of severity. Wells asserts that ALJ's questions were improper.
 
 
 6
 It is well accepted that "[i]n order for a vocational expert's opinion to be relevant or helpful ... it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989). See also English v. Shalala, 10 F.3d at 1085. The existence and extent of those impairments is a matter to be decided by the ALJ and so will be affirmed by this court if supported by substantial evidence. It follows that the ALJ has wide latitude in posing hypothetical questions as long as there is substantial evidence to support those questions. See, e.g., Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir.1986); Bradford v. Secretary of Dep't of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986).
 
 
 7
 The allegedly improper hypothetical questions and responses were:
 
 
 8
 Q The first hypothetical question I'm going to ask, I'd like you to assume ... that he does have a history of back injury, that this has caused him some back pain.... His description was severe back pain, that he because of this problem would have difficulty in doing any significant amount of walking, bending, stooping, squatting, lifting anything more than about 20 pounds, that he would have to sit some of the time and stand some of the time, should not be continuously confined to either of those positions, that the pain associated with this problem would be a mild to moderate amount of pain, and that he does have some associated situational anxiety/and or depression of a mild to moderate degree. Assuming these problems, could he in your opinion return to his previous work?
 
 
 9
 A In my opinion he could not return to his previous occupations.
 
 
 10
 Q With that assumption, would there be any other kind of jobs he could in your opinion do?
 
 
 11
 A Yes, sir. I believe that he could perform some small parts bench type assembly work in the Greenville, Spartansburg, Pickens, Anderson County area.... I think there would be some machine tending type occupations he could perform in the same given area .... he could do some inspection or checking type work in the same given area.... I also believe he could work as a clerk or cashier....
 
 
 12
 Wells contends that "[t]he first hypothetical question ... fails to define pain in terms of frequency and duration; and includes a description of functional capacity for the VE that is different from the description contained in the hearing decision three months later." Of course, there is no requirement that an ALJ's questions quantify "frequency and duration" of pain. Moreover, Wells' assertion that the ALJ's findings are different from the assumptions of his first hypothetical is simply not true. The ALJ explicitly found that Wells is "limited by mild to moderate mid back pain" and suffers from "mild to moderate anxiety and/or depression." Those are exactly the conditions described in the first hypothetical question. Similarly, the assertion that "[t]he ALJ himself included a different description of the appellant's mental impairments in the hearing decision," than in the first hypothetical question, is not correct. The record contains a "Psychiatric Review Technique Form" that the ALJ used to determine the functional limitations imposed by Wells' psychological condition. Admittedly, this form contains qualitative descriptions of Wells' condition that the ALJ did not include in his hypothetical question. On the other hand, the form indicates "Functional Limitation" ranging from "Never" to "Moderate," and so the quantitative description of his functional limitation is entirely consistent with the premise of his hypothetical question, i.e, that Wells experienced "some associated situational anxiety/and or depression of a mild to moderate degree."
 
 
 13
 Wells' real complaint is not that the first hypothetical question was improper but that the ALJ's factual findings that Wells' back pain was "mild to moderate" and that his mental impairments were "mild to moderate" are not supported by substantial evidence. The ALJ stated that he did "not find credible the allegations by the claimant and his witnesses that he has a more disabling level of pain and function." In part the ALJ's credibility determination rested on his conclusion that "claimant's allegations of a severe and disabling level of pain and mental dysfunction are not reasonably supported by the medical record." In short, the ALJ's opinion considered the relevant evidence concerning Wells' physical and mental impairments and provided logical explanations for his findings. See Mickles v. Shalala, 29 F.3d 918 (4th Cir.1994). Because substantial evidence supports the ALJ's finding that Wells "has mild to moderate back pain," his argument that the ALJ "failed to afford proper weight to credible evidence of the vocational impact of pain," is unavailing. It was not error for the ALJ not to consider the vocational impact of a level of pain that he found did not exist.
 
 
 14
 That the ALJ's opinion is supported by substantial evidence does not completely resolve the present appeal. The government correctly notes: "Evidence considered by the Appeals Council and incorporated into the administrative record must be reviewed by the Court in determining whether the Secretary's final decision is supported by substantial evidence. Wilkins v. Secretary, DHHS, 953 F.2d 93, 96 (4th Cir.1991)." In the present case, additional evidence presented to the Appeals Council consisted of the opinion of an orthopedic surgeon concerning Wells' psychological impairments, the testimony of a vocational expert, and "additional statements from other people who know [Wells] and believe that [he is] unable to work." In essence, the Council found that the unsupported conclusion of Dr. McCarthy, the orthopedic surgeon, that Wells' mental problems would keep him from performing any work provided no grounds for reversing the ALJ; that the responses of the vocational expert to hypothetical questions provided no grounds for reversing the ALJ because the questions posed to him included assumptions contrary to the findings of fact of the ALJ; and that the additional statements concerning Wells' inability to work were merely cumulative of evidence already considered and so did "not materially change [the] record." In so concluding, the Appeals Council dealt properly, albeit briefly, with the new evidence before it.
 
 
 15
 In light of all the evidence in the record, the decision of the Secretary is supported by substantial evidence and so the order of the district court affirming the Secretary's decision to deny benefits is
 
 
 16
 AFFIRMED.