70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosa POLLARD, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-3938.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1995.
 
 Before: CONTIE, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Rosa Pollard appeals a district court judgment affirming the Secretary's denial of her application for social security disability insurance benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Pollard filed applications for social security disability insurance benefits, alleging that she suffered from tendinitis of the right wrist and epicondylitis of the right elbow. She last met the disability insurance status requirements under the Social Security Act on December 31, 1987. Following a hearing, the Administrative Law Judge (ALJ) determined that Pollard was not disabled because, during the period Pollard was still insured under the Act, the claimant could have done substantial gainful work that existed in significant numbers in the national economy. The Appeals Council denied Pollard's request for review. Pollard then sought judicial review of the Secretary's decision. The district court found that substantial evidence supported the ALJ's conclusion.
 
 
 3
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 680, 681 (6th Cir.1989) (per curiam).
 
 
 4
 Pollard injured her right upper extremity on March 16, 1981. In December of 1984, she underwent surgery for medial epicondylar release of the right elbow and for release of the cubital tunnel. The post-operative diagnosis in 1984 was medial epicondylitis and compression of the ulnar nerve at the right elbow. Ms. Pollard testified that she has had right elbow pain that has been both sharp and dull of about equal duration since 1981. Pollard also testified that the pain worsens with the use of her right upper extremity and she has been unable to use her right upper extremity since her surgery in 1984.
 
 
 5
 Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). In determining whether a claimant suffers from debilitating pain, the two part test in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986), applies:
 
 
 6
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 7
 See also McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1002-03 (6th Cir.1988) (Duncan test applies to the Reform Act of 1984 and to the Secretary's superseding regulations on pain).
 
 
 8
 An ALJ may discredit a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence are contradictory. Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990).
 
 
 9
 The ALJ's findings were consistent with functional capacity assessments that were prepared by the medical advisor, Dr. Westphal. Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir.1993); Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam). Specifically, Dr. Westphal opined that the ulnar nerve that was affected did not affect Pollard's ability to perform fine manipulation, light lifting and simple grasping, on a non-repetitive basis. Therefore, there is no merit to the plaintiff's allegation that the Secretary did not "lawfully" evaluate Pollard's allegations of disabling pain.
 
 
 10
 Likewise, there is no merit to Pollard's argument that the Secretary erred by rejecting an opinion of Dr. Rutherford, Pollard's treating physician. Although Dr. Rutherford's opinion may be given greater weight, see Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), the ultimate determination of disability rests with the Secretary, and not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). The Secretary is not bound by the opinions of a claimant's treating doctor who indicates that the claimant is totally disabled, where there is substantive evidence to the contrary. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988) (per curiam). Dr. Rutherford's progression reports based on examinations performed after the expiration of Pollard's insured status is minimally probative for purposes of determining her disability prior to December 31, 1987. Higgs, 880 F.2d at 863.
 
 
 11
 Contrary to Pollard's argument on appeal, the ALJ did credit Dr. Rutherford's opinion that the claimant could not do any past relevant work because of her impairments to her right elbow and wrist. The vocational expert (VE) testified that, even if Pollard had no use at all of her dominant right arm, she could still perform the jobs of receptionist, hostess, security guard, information clerk and telephone solicitor. Thus, the ALJ did not ignore the treating physician's opinion, but could properly rely on other evidence and testimony to conclude that Pollard retained the ability to perform the types of work indicated by the medical advisor and by the VE. The testimony of the VE is substantial evidence to support the Secretary's finding that Pollard was capable of performing a significant number of jobs existing in the economy in 1987. Bradford v. Secretary of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam). Pollard did not come forward with evidence to rebut the ALJ's conclusion that she could perform the identified jobs. Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir.1991) (per curiam).
 
 
 12
 Lastly, the extent of Pollard's limitations, as described by Dr. Westphal, were accurately presented in the ALJ's hypothetical question to the VE, see Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987), and the hypothetical question may not be considered erroneous where at least one doctor has substantiated the information therein. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam).
 
 
 13
 Accordingly, we affirm the district court's judgment.