107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. LaFLEUR, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-1631.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1997.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*
 
 ORDER
 
 2
 Robert J. LaFleur, through counsel, appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 LaFleur filed an application for benefits on July 29, 1992. LaFleur alleged that he has been unable to work since February 15, 1990, because of pain in his back, shoulder, and left leg. After a hearing was held, an administrative law judge (ALJ) concluded that LaFleur retained the residual functional capacity to perform a full range of sedentary work. After the Appeals Council remanded the claim for further consideration of the medical evidence and LaFleur's complaints of pain, the ALJ determined that LaFleur was still not entitled to benefits. The Appeals Council denied LaFleur's request for review of this second decision.
 
 
 4
 LaFleur then filed a timely complaint in federal district court, on June 16, 1995. A magistrate judge recommended affirming the Commissioner's denial of benefits. The district court adopted the report, and granted the defendant's motion for summary judgment.
 
 
 5
 On appeal, LaFleur argues that the Commissioner did not properly evaluate certain medical reports of record, and did not consider the record "as a whole" when he denied benefits. LaFleur also argues that the ALJ improperly discredited his claim of disabling pain and erroneously accepted testimony by the vocational expert (VE) that LeFleur could still perform sedentary jobs.
 
 
 6
 This court concludes that there is substantial evidence to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Contrary to LaFleur's argument, the ALJ was not required to reject the opinions of Drs. Bartone and McMurray, but could consider, as he did, the probative weight of these opinions in light of the purpose behind the examinations. Moreover, the ALJ did not "reject" Dr. Redmon's opinion, as LaFleur contends, but concluded that Dr. Redmon's statements were "not in accord with any significant findings."
 
 
 7
 There is no merit to LaFleur's argument that Dr. Cavanagh's opinion was entitled to greater probative weight. Even if the ALJ had expressly considered Dr. Cavanaugh a "treating physician" under the regulations, 20 C.F.R. § 404.1527(d)(2), the ultimate determination of disability rests with the Commissioner, and not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). The Commissioner was not bound by Dr. Cavanagh's opinion of total disability, because there was a great deal of substantive evidence to the contrary. Higgs v. Bowen, 880 F.2d 860, 883 (6th Cir.1988) (per curiam).
 
 
 8
 LaFleur did not meet his burden of showing that his condition was of such severity that it would be expected to produce disabling pain. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). The ALJ appropriately considered several of the factors set forth in Social Security Ruling 88-13 (referred to in Duncan ) before deciding the pain was not disabling. Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). Thus, this court will not substitute its credibility findings for that of the ALJ. Gooch v. Secretary of Health and Human Servs., 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988).
 
 
 9
 Lastly, the VE's testimony constituted substantial evidence to support the Commissioner's finding that LaFleur was capable of performing a significant number of jobs existing in the regional and national economy. Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam). The hypothetical question presented to the VE accurately portrayed the claimant's physical and mental impairments, Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987), and the ALJ could properly disregard the claimant's remaining unsubstantiated complaints. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam).
 
 
 10
 Accordingly, the district court judgment is affirmed.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation