**Michael E. HIPPS, Plaintiff–Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 02–6380.

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2003.

Michael E. Hipps, pro se.

Loretta Simonetti Harber, Asst. U.S. Attorney, Knoxville, TN, Kimberly S. Cromer, Assistant Regional Counsel, Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.[*]

### ORDER

This is an appeal from a district court judgment affirming a decision by the Commissioner to deny a request for disability benefits under the Social Security Act. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Michael Hipps filed an application for Social Security disability benefits. The application was referred to an administrative law judge (ALJ) who conducted an evidentiary hearing and concluded that the application should be denied. The Commissioner adopted the findings and conclusions of the ALJ, and Hipps took a statutory appeal to district court on authority of 42 U.S.C. § 405(g). The district court eventually granted the Commissioner's motion for summary judgment and affirmed the decision to deny benefits. This appeal followed.

Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his conclusion. "Substantial evidence" in this context is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. This court will not review the evidence de novo, make credibility determinations nor weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if a reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983), and even if the claimant's position is also supported by substantial evidence. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993). An examination of the record and law using these standards supports the Commissioner's decision on review.

Michael Hipps, formerly employed as a semi-skilled individual working at heavy exertion levels, filed an application for disability benefits on August 13, 1999, at the age of forty-six. Hipps's application was based on a combination of back pain, gout, a malfunctioning knee, and loss of feeling in his legs suffered as a result of an automobile injury on July 3, 1993. Hipps had been unemployed for a period of time, so it was incumbent upon him to demonstrate his entitlement to disability benefits prior to the expiration of his insured status on December 31, 1998.

An ALJ eventually conducted an evidentiary hearing on Hipps's application at which Hipps was represented by counsel. The medical evidence supplied by Hipps, as well as Hipps's testimony, supported very few of his claimed, pre–1999 disabling conditions. There was no disagreement, for instance, that Hipps actually experienced injuries in an automobile accident on July 3, 1993, but there is virtually no evidence that any injury resulting from this accident amounted to a disabling condition. The medical evidence introduced by Hipps showed that he experienced broken ribs and assorted bruises in the accident of July 3, 1993. In addition, he was treated for hypertension (controlled by medication) and chondromalacia of the knee (softening

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

of the patella). There was evidence that Hipps suffered a left knee injury in another vehicular accident in March 1996. Finally, it appears that Hipps was treated for lacerations to his left forearm after falling onto some glass in August 1998. While it is uncontroverted that Hipps never returned to his pre–1993 heavy labor, there is no medical evidence supporting Hipps's direct testimony that, prior to 1999, he was disabled and therefore unable to perform lighter work because of back pain.

The ALJ concluded from this evidence that, although Hipps undoubtedly suffered from a severe impairment under the Act, these conditions did not support a finding that Hipps was completely disabled prior to 1999. The ALJ found instead that Hipps retained the residual functional capacity to perform a full range of light work, as that term is used in the Social Security regulations. The ALJ considered the testimony of a vocational expert (VE) in order to ascertain the extent of sufficient light work job opportunities in the economy prior to the expiration of Hipps's insured status. The VE testified that there would have been anywhere from 6,000 to 12,000 job opportunities ("bench work") existing in the economy during the time in question. The ALJ relied on this testimony to conclude that Hipps had not carried his burden to show that he had been disabled prior to the expiration of his insured status.

The Appeals Council declined to review the conclusion of the ALJ, in spite of Hipps's attempt to introduce "new" supporting evidence to the Council, and so the Commissioner adopted the ALJ's decision as her own. Hipps took an appeal from this latter decision to the district court. The district court eventually granted summary judgment for the Commissioner on the basis that there was substantial evidence supporting the Commissioner's ac-

tions. Hipps now appeals this decision in its entirety and emphasizes his claims of disabling back pain. In addition, Hipps refers to evidence not previously considered but he does not request a remand so that this evidence may be considered.

■ The district court's judgment will be affirmed. Hipps argues that the ALJ erred in not fully crediting Hipps's testimony as to the extent and degree of his alleged back pain prior to the expiration of his insured status. Credibility determinations regarding a claimant's subjective complaints of pain rest with the ALJ and cannot be overturned on appeal if reasonable and supported by substantial evidence. *Siterlet v. Sec'y of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987) (per curiam). An ALJ need not fully credit subjective complaints where there is no underlying medical basis. *Fraley v. Sec'y of Health & Human Servs.*, 733 F.2d 437, 440 (6th Cir.1984). The record shows that the ALJ found Hipps completely credible when supported by the record, that is, the ALJ did not quarrel with the medically supported fact that Hipps could no longer perform his previous heavy, semi-skilled employment. The fact that the ALJ did not choose to fully credit Hipps's claim of disabling back pain, in light of the virtual absence of contemporaneous medical evidence supporting this claim, is a classic example of a determination that this court historically will not disturb. The VE's testimony constitutes substantial evidence to support the ALJ's conclusion that Hipps was capable of performing a significant number of jobs existing in the regional and national economy prior to the expiration of his insured status. *See, e.g., Bradford v. Sec'y of Dep't of Health and Human Servs.*, 803 F.2d 871, 874 (6th Cir.1986).

Counsel for the appellee suggests that Hipps's reference to, and inclusion of, new

evidence arguably could be construed as a request for a remand to the Commissioner for the consideration of this evidence. Such a request, known as a "sentence six" remand (after the sixth sentence of 42 U.S.C. § 405(g)), is completely unsupported in law or fact. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.